# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, and WOLFE
Appellate Military Judges

**UNITED STATES, Respondent**
v.
**Specialist NICHOLAS L. FROST**
**United States Army, Petitioner**

ARMY 20160171

Headquarters, Fort Bliss
Michael J. Hargis and Lanny J. Acosta, Jr., Military Judges
Colonel Charles C. Poché, Staff Judge Advocate

For Petitioner: Major Patrick J. Scudieri, JA; Mr. James S. Trieschmann, Jr., Esquire (Petition for New Trial).

For Respondent: Colonel Tania M. Martin, JA; Lieutenant Colonel Eric K. Stafford, JA; Major Michael E. Korte, JA (Response to Petition for New Trial).

14 February 2018

-----------------------------------------------------------------
SUMMARY DISPOSITION
ON PETITION FOR NEW TRIAL
-----------------------------------------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of raping his daughter, DF, in violation of Article 120b Uniform Code of Military Justice (UCMJ), 10 U.S.C. §920b (2012). The convening authority approved the adjudged sentence to a dishonorable discharge, confinement for ten years, and reduction to the grade of E-1. Appellant filed a petition for a new trial. We deny the petition.[*]

---

[*] Petitioner's case is currently before the Court on direct review under Article 66(c), UCMJ. Under Article 73, UCMJ, a petition for a new trial must be filed within two years of the convening authority's action in the case. The convening authority approved the findings and sentence in this case on 10 August 2016. We elect to decide the petition separately from the direct appeal and issue this opinion without delay so that appellant receives this decision well within the two year timeframe.

As background, petitioner was convicted of raping his biological daughter, DF, by placing his penis in her mouth. At trial and on appeal, the defense's case focused on DF's allegation of rape being heavily influenced by DF's mother.

In the petition for a new trial petitioner provides us with an affidavit from Ms. Phyllis Brandon. The affidavit recounts a conversation that she had with her grandson (and petitioner's son). Ms. Brandon states that her grandson:

> told me that [DF] lied in court about his father SPC Nicholas Frost, he told me that she lied in court about his father doing anything to his sister [DF], he also told me that he overheard his mother telling a friend of hers that she had described to [DF] how her father['s] private parts looked and about the piercing on it, he also said that she said that [DF] did very well on the witness stand in court remembering what she had told her to say. . . .

We deny the petition because the facts asserted in the affidavit are not properly before the court. Ms. Brandon has no personal knowledge of any fact of consequence. In *United States v. Cade*, we specifically addressed the standard for submitting factual matter outside the record. 75 M.J. 923, 928-30 (Army Ct. Crim. App. 2016). In that case, an attorney from the Defense Appellate Division signed an affidavit repeating facts that the accused's wife told her during a phone call. *Id*. at 928. We framed the issue as follows:

> Before we can address the substance of appellant's assigned error, we must first determine whether we can consider appellant's submitted affidavit. The affidavit is, essentially, a declaration that the affiant heard someone else say something. The affiant does not claim to have any personal knowledge of any material fact, nor does she claim that what she heard is true. Accordingly, we first define with some precision what constitutes the record of trial on appeal.
> . . .
> Here, we have a sworn affidavit. However, the affiant does not claim to have personal knowledge of any of the facts contained within the affidavit. Rather, the affiant merely swears that a witness told her certain facts. The question we must answer is whether this is sufficient. The government implicitly argues that we should not consider the affidavit.

*Id*. at 928-29.

We then determined that we could not consider the facts contained in the affidavit because the affiant had no personal knowledge of those facts.

> We determine that when submitting affidavits on appeal the affidavits must be from someone with personal knowledge of the material facts in the affidavit. Or, put differently, the person whose personal knowledge the court is being asked to rely on must be the person who is subject to perjury.

*Id.* at 929. We emphasized that when submitting evidence from outside the record, the evidence must be submitted "in a manner which this court can digest." *Id.*

In addition to our decision in *Cade*, as this case involves a petition for a new trial, petitioner is also bound by Rule for Courts-Martial (R.C.M.) 1210. That rule requires petitions for new trial to include "[t]he affidavit of each person whom the accused expects to present as a witness in the event of a new trial. Each such affidavit should set fourth briefly the relevant facts *within the personal knowledge of the witness*." R.C.M. 1210(c)(9) (emphasis added).

Here, Ms. Brandon has no personal knowledge of any fact of consequence. The facts contained within her affidavit are things her grandson told her. Her affidavit contains hearsay. *See generally* Military Rule of Evidence 801-803. While we have no particularized reason to question the integrity of Ms. Brandon, in *Cade* we noted that without a requirement for personal knowledge, "an affiant can truthfully repeat the deliberate deceit of another." 75 M.J. at 930.

With no facts on which to rely, we find petitioner has failed to meet his burden. *See* R.C.M. 1210(f)(3); *See also* R.C.M. 1210(f)(2)(C).

Accordingly, the petition for a new trial is DENIED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court